IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
No. 4:18-CV-99-D

| | | |
|---|---|---|
| TIMOTHY S. RHODES, and<br>SUZANNE W. RHODES, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **ORDER** |
| WHITE LIGHTNING SPORTFISHERMAN,<br>INC., d/b/a Lightning Yachts, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

On April 24, 2018, Timothy S. Rhodes and Suzanne W. Rhodes (collectively "plaintiffs") sued White Lightning Sportfisherman, Inc. d/b/a Lightning Yachts in Carteret County Superior Court for recovery of their vessel held for lien, determination of lien, and breach of contract. See [D.E. 1-1]. On May 24, 2018, Lightning Yachts timely removed the action to this court [D.E. 1]. On June 4, 2018, plaintiffs moved to remand the case to Carteret County Superior Court [D.E. 11] and filed a memorandum in support [D.E. 11-1]. On June 25, 2018, Lighting Yachts responded in opposition [D.E. 19]. As explained below, the court denies plaintiffs' motion to remand.

Plaintiffs argue that the state court complaint does not contain a federal question because Lightning Yachts is holding their vessel, the Susie-Q, pursuant to a lien under N.C. Gen. Stat. § 44A-2(a). See [D.E. 11-1] 4–5; see also [D.E. 1-1] 5–6. Plaintiffs also argue that, because the Federal Maritime Lien Act, 46 U.S.C. §§ 31341-31343, does not appear in their complaint, the court lacks federal question jurisdiction under the well-pleaded complaint rule. See [D.E. 11-1] 4–5.

The court rejects plaintiffs' arguments. Lightning Yachts is holding the Susie-Q pursuant to a lien under the Federal Maritime Lien Act. See White Lightning Sportfisherman, Inc. vs. M/V Susie-Q, et al., 4:18-CV-77-D (E.D.N.C.) (the "Arrest Action"). Plaintiffs cannot avoid removal by "omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). The Federal Maritime Lien Act "grants maritime liens to particular persons based on their relationship to, or service of, a vessel. For example, the Act grants a maritime lien to 'a person providing necessaries to a vessel.'" Crimson Yachts v. Betty Lyn II Motor Yacht, 603 F.3d 864, 868 (11th Cir. 2010). "Necessaries" includes repairs and supplies. See 46 U.S.C. § 31301(4). A maritime lienholder can bring a civil action in rem to enforce the lien. 46 U.S.C. § 31342(a); see Crimson Yachts, 603 F.3d at 868; Amstar Corp. v. S/S ALEXANDROS T., 664 F.2d 904, 908–09 (4th Cir. 1981).

An in rem proceeding against a vessel is "distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts." Am. Dredging Co. v. Miller, 510 U.S. 443, 446–47 (1994); see Crimson Yachts, 603 F.3d at 868. Thus, the court has exclusive jurisdiction over plaintiffs' possessory and lien determination claims. See, e.g., B & C Marine, LLC v. Cabiran, No. 12-1015, 2012 WL 2878645, at *3 (E.D. La. July 13, 2012) (unpublished). The court has supplemental jurisdiction over plaintiffs' breach of contract claim. See 28 U.S.C. § 1367(a); Kristensons-Petroleum, Inc. v. Sealock Tanker Co., 304 F. Supp. 2d 584, 588 (S.D.N.Y. 2004).

In sum, plaintiffs' motion to remand [D.E. 11] is DENIED.

SO ORDERED. This 11 day of October 2018.

JAMES C. DEVER III
Chief United States District Judge